PERLBERG (HARRIS, ADMR., SUBSTITUTED PLAINTIFF), APPELLEE AND CROSS-APPELLANT, *v.* PERLBERG ET AL., APPELLANTS AND CROSS-APPELLEES.

(No. 68-289—Decided April 30, 1969.)

56

*Mr. Robert Merkle* and *Mr. Robert J. Marquard*, for appellee and cross-appellant.

*Mr. Edward R. Reichek* and *Mr. Max B. Katz*, for appellants and cross-appellees.

DUNCAN, J. The issue before us is whether a conveyance of realty to children of a former marriage, without consideration other than love and affection, by a man engaged to be married and without disclosure of the conveyance to his intended wife whom he later marries, defrauds her of her right of dower, as provided for in Section 2103.02, Revised Code, and entitles her to a recovery of dower under the provisions of Section 2103.06, Revised Code.

We are reviewing a decision of the Court of Appeals, holding that the case of *Ward* v. *Ward, supra* (63 Ohio St. 125), when applied to the facts in this case, requires a finding that appellee was defrauded of her right of dower. Contrary to appellee's contention, nothing in the journal entry of the Court of Appeals suggests any findings of fact which differed from those made by the Court of Common Pleas. In its opinion, the Court of Common Pleas distinguished the *Ward case* on the ground that "* * * the deed in this particular case was recorded, and the purpose of recording an instrument is to give notice, and * * * it

58

is notice to the world, and this would include notice to the prospective bride.''

We agree with the trial judge that the filing of the deed, even on the day before marriage, constitutes legal notice of the conveyance. But we do not believe that *Ward* v. *Ward, supra,* provides a reasonable rule for our time; therefore, we are not content merely to distinguish that case on the notice point.

In both *Ward* and the instant case, the deeds involved were voluntarily made, in contemplation of marriage, to children of a prior marriage, without consideration other than love and affection and without the knowledge of the betrothed.

In *Ward,* Judge Minshall stated, at pages 126 and 127:

''* * * It can make no difference in principle whether actual fraud was intended or not, their [the deeds] execution and delivery before marriage without her knowledge or means of knowledge, operated as a legal fraud on what would be her rights in case of marriage. * * *''

The conclusion reached in *Ward* is founded upon the theory of constructive fraud, the basis of which is that the relation existing between persons engaged to be married is of such a confidential nature that a conveyance of property owned by a man prior to marriage without the knowledge of the intended wife is fraudulent, at least to the extent of the interest she would acquire after marriage.

Constructive fraud does not require proof of fraudulent intent; the law indulges in an assumption of fraud for the protection of valuable social interests based upon an enforced concept of confidence both public and private. See 24 Ohio Jurisprudence 2d 623, Section 5.

An examination of the Ohio statutes fails to reveal any restraint on alienation of property by a person engaged to be married. There is nothing inherently unlawful or sinister in transferring real property to one's children. On the contrary, such an act may be said to be of high moral and social merit. An engagement to marry cannot operate to impress a duty of disclosure to a prospective spouse as a condition to the lawful transfer of real property.

It is obvious that those who are engaged to be married are in a special relationship; however we are unable to find anything peculiar about such relationship which gives rise to a peremptory inference, as a matter of law, that nondisclosure of a transfer of real property prior to marriage is a constructive fraud upon the right of dower incident to a later marriage.

No right of dower, provided for in Section 2103.02, Revised Code, exists prior to marriage. If evidence is adduced in the requisite quantum that a betrothed woman has been the victim of *actual fraud*, her cause of action to set aside such a fraudulent conveyance will lie. The record contains no such evidence. Furthermore, the record contains no evidence of actual fraud which would require a reversal of the Court of Appeals' finding that appellee was not entitled to a lien in the sum of $5,000.

For the foregoing reasons, the case of *Ward* v. *Ward*, 63 Ohio St. 125, is overruled. In view of our decision herein, we deem it unnecessary to pass upon other questions raised in appellee's cross-appeal.

The judgment of the Court of Appeals is, therefore, reversed, and this court, proceeding to render the judgment the Court of Appeals should have rendered, grants judgment for the appellants.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and HERBERT, JJ., concur.