COHEN, APPELLANT, *v.* ESTATE OF COHEN; LANTER ET AL., APPELLEES.

[Cite as Cohen *v.* Estate of Cohen (1986), 23 Ohio St. 3d 90.]

(No. 85-1051—Decided April 11, 1986.)

*Goodman & Goodman, Patrick T. Nesbitt* and *Ronald Jay Goodman,* for appellant.

*Baden, Jones, Scheper & Crehan Co., L.P.A.,* and *Jack C. McGowan,* for appellees.

LOCHER, J. The sole issue presented in this case is whether the doctrine of constructive fraud is applicable to antenuptial agreements. Appellant contends that the doctrine does apply. We agree and, accordingly, reverse the decision of the court of appeals.

The trial court held that the transfer of scheduled assets by decedent, which defeated the covenant to pay appellant $700 per month contained in the antenuptial agreement, constituted constructive fraud. The court of appeals reversed that judgment, relying on *Perlberg* v. *Perlberg* (1969), 18 Ohio St. 2d 55 [47 O.O.2d 167], which involved a loss of dower rights caused by a conveyance prior to marriage. The case *sub judice,* however, involves contractual rights actually acquired prior to the marriage, not merely rights existing from the engagement or statutory rights provided by the marriage. Thus, the court of appeals' reliance on *Perlberg* is misplaced.

Constructive fraud is defined as "a breach of a legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Stanley* v. *Sewell Coal Co.* (W.Va. 1981), 285 S.E. 2d 679, 683. *Jackson* v. *Julian* (Tex. Civ. App. 1985), 694 S.W. 2d 434; *Security Natl. Bank* v. *Peters, Writer &*

*Christensen, Inc.* (1977), 39 Colo. App. 344, 569 P. 2d 875. See *Bank* v. *Board of Edn. of New York* (1953), 305 N.Y. 119, 111 N.E. 2d 238; *In re Arbuckle's Estate* (1950), 98 Cal. App. 2d 562, 220 P. 2d 950.

No facts in the record lead this court to believe that the decedent had any intent to defraud appellant when the conveyances to his daughter were made. However, the decedent need not have intended to defraud appellant for constructive fraud to be found here. "Constructive fraud does not require proof of fraudulent intent; the law indulges in an assumption of fraud for the protection of valuable social interests based upon an enforced concept of confidence both public and private." *Perlberg, supra,* at 58.

Constructive fraud often exists where the parties to a contract have a special confidential or fiduciary relationship. In the instant action, appellant and decedent were not only parties to a contract, but were also engaged. In *Gross* v. *Gross* (1984), 11 Ohio St. 3d 99, we stated:

"At the outset it must be restated that upon a judicial review of any such agreement, it must meet the general tests of fairness as referred to previously, and must be construed within the context that by virtue of the anticipated marital status, *the parties are in a fiduciary relationship to one another.* The parties must act in good faith, with a high degree of fairness and disclosure of all circumstances which materially bear on the antenuptial agreement." (Emphasis added.) *Id.* at 108. The fiduciary relationship and requirement of good faith and fairness which exists in the making of the antenuptial agreement does not cease to exist upon performance of that agreement.

Despite paragraph 3 of the agreement, the transfer of real property by decedent for no consideration defeated the intent of the antenuptial agreement. This was an act contrary to decedent's legal duty under the contract and to the fiduciary relationship which existed between decedent and the appellant by virtue of their anticipated marital status. We therefore hold that the doctrine of constructive fraud is applicable to antenuptial agreements.

Accordingly, we reverse the judgment of the court of appeals and the judgment of the trial court is reinstated.

*Judgment reversed.*

Sweeney, Holmes, C. Brown and Douglas, JJ., concur.

Celebrezze, C.J., and Wright, J., concur in part and dissent in part.

Celebrezze, C.J., concurring in part and dissenting in part. I concur in the majority's well-reasoned conclusion that the doctrine of constructive fraud is applicable to antenuptial agreements.

I must, however, take issue with the majority's decision to reinstate the trial court's grant of summary judgment in favor of the appellant,

Esther Tort Cohen. For the following reasons, I believe that summary judgment is not appropriate in the instant case.

While the doctrine of constructive fraud does not require proof of fraudulent intent, one who alleges a constructive fraud must demonstrate that he or she was in fact deceived. Where it is alleged that a fraudulent conveyance defeated the intent of the antenuptial agreement, appellant must show that the conveyance was undertaken without her knowledge or consent. As we stated in *Perlberg* v. *Perlberg* (1969), 18 Ohio St. 2d 55, 58 [47 O.O.2d 167], the theory of constructive fraud alleged in cases such as this is based on a fiduciary relationship between the parties which "is of such a confidential nature that *a conveyance* of property owned by a man prior to marriage *without the knowledge of the intended wife is fraudulent,* at least to the extent of the interest she would acquire after marriage." (Emphasis added.) Accord *Ward* v. *Ward* (1900), 63 Ohio St. 125, 126-127. In the context of the instant case, *nondisclosure* of a transfer of real property prior to the marriage could have operated as a constructive fraud on appellant's rights arising from the antenuptial agreement signed by the parties. We observed in *Gross* v. *Gross* (1984), 11 Ohio St. 3d 99, 108, that when entering into an antenuptial agreement "[t]he parties must act in good faith, with a high degree of fairness and *disclosure* of all circumstances which materially bear on the antenuptial agreement." (Emphasis added.)

The record demonstrates that, pursuant to Civ. R. 56(C), appellees have raised a question of material fact on the issue of nondisclosure, thus precluding summary judgment against them. In an affidavit attached to the memorandum opposing appellant's motion for summary judgment, appellee Frances C. Lauter, the decedent's daughter, states that prior to the execution of the antenuptial agreement "family discussions" were held involving herself, appellant and the decedent. Appellee Lauter states that as a result of these discussions, appellant had full knowledge that the decedent intended to transfer the real property at issue here and expressed no interest in that property.

If, prior to the signing of the antenuptial agreement, the decedent disclosed his intent to transfer that property, then appellant may not have been deceived. If appellant had knowledge of the impending transfers and made no objection to them, then there may have been no fraud, constructive or otherwise, upon her rights in the antenuptial agreement. At the least, the question raised concerning the existence of constructive fraud in this case should be answered by the trier of fact on remand. Thus, in contrast to the majority, I would not be so hasty in finding that appellant is entitled to summary judgment.

Accordingly, I respectfully dissent from that portion of the majority opinion which reinstates the trial court's grant of summary judgment to appellant.

WRIGHT, J., concurs in the foregoing opinion.