This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, TBLD Corporation ("TBLD") appeals from the judgment of the Summit County Court of Common Pleas, which equitably estopped TBLD from recovering rent payments that TBLD asserts were mistakenly rendered. We reverse and remand the cause for further proceedings consistent with this opinion.
 I.
{¶ 2} This controversy involves alleged overpayments of rent by TBLD and its affiliate corporations to Ravenna Investment Co., Inc. ("Ravenna") in the amount of $127,600. Taco Bell Corporation ("Taco Bell") originally instituted this case, but substituted TBLD as the plaintiff due to a lease assignment.
{¶ 3} Ravenna[1] purchased a particular plot of land in Akron, Ohio for the sole purpose of renting it to Taco Bell, which intended to place there a "test concept" restaurant called Hot'n Now. A month after the lease was executed, Taco Bell assigned the lease to its real estate holding company, TBLD. Ultimately, the Hot'n Now concept was abandoned, and Taco Bell found that it no longer required the use of the land. The lease included a provision allowing early cancellation by Taco Bell and its assigns for consideration of $5,000 payable to Ravenna. When Taco Bell determined that the lease was no longer necessary, Hot'n Now sent Ravenna a check for $5,000. Taco Bell followed up with a letter canceling the lease, but Hot'n Now continued to make rental payments for the next five years.
{¶ 4} Testimony at the trial revealed that TBLD is a subsidiary of Taco Bell. Taco Bell, TBLD, and Hot'n Now all have their accounts payable coordinated and managed by Tricon Shared Services Group ("Tricon"). It was Tricon that eventually discovered the overpayment and requested restitution to be sent to Tricon, but made payable to Hot'n Now.
{¶ 5} Ravenna attempted to clarify Taco Bell's position regarding the lease by telephoning and writing to Taco Bell and writing to Tricon. Ravenna was satisfied that TBLD did not wish to cancel the lease and would continue to make payments. Ravenna did not return the $5,000 payment made as consideration to cancel the lease.
{¶ 6} TBLD alleged in its complaint that Hot'n Now mistakenly made overpayments of rent to Ravenna after Taco Bell effectively terminated the lease in accordance with the terms of the lease. TBLD stated that since the money was paid mistakenly, the law of Ohio requires Ravenna to make restitution.
{¶ 7} It is Ravenna's position that because TBLD was the holder of the interest in the lease, only TBLD could terminate the lease. Ravenna argued that TBLD never did so, therefore the terms of the lease required that rent payments continue. Ravenna further argued that other entities, Taco Bell and Hot'n Now, were the actual payors, therefore TBLD was not entitled to a refund in any regard. Ravenna also claimed that it was led to believe that the lease was not cancelled when it contacted Taco Bell and Tricon. Ravenna testified that it turned away prospective buyers of the leased land due to the lease. However, Ravenna also testified that there are no provisions in the lease which preclude sale of the land.
{¶ 8} In the judgment entry, the trial court, without determining that a mistake had been made and how much restitution was owed as a result, agreed with TBLD that Ohio law states that a party making payments by mistake may recover those payments. The trial court then determined that TBLD was equitably estopped from receiving restitution because Ravenna had materially changed its position in reliance of the payments when Ravenna turned away prospective buyers of the property believing that the lease precluded sale. The trial court dismissed the case, and this appeal followed. TBLD presents two assignments of error. Since both assignments of error depend upon the elements of equitable estoppel, we address them together for ease of discussion.
 II. Assignment of Error No. 1 {¶ 9} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS EQUITABLY ESTOPPED FROM RECOVERING PAYMENTS MISTAKENLY MADE TO APPELLEE."
 Assignment of Error No. 2 {¶ 10} "THE TRIAL COURT ERRED IN FINDING THAT APPELLEE DETRIMENTALLY RELIED ON MISTAKEN PAYMENTS MADE BY APPELLANT."
{¶ 11} In the first assignment of error, TBLD asserts that the rent payments in question were made by mutual mistake of the parties. TBLD argues the trial court erred when it held that, according to current Ohio law, overpayments made by mistake must be returned, but then applied equitable estoppel to TBLD's recovery of the funds when there was no evidence presented to support the elements of equitable estoppel.
{¶ 12} In the second assignment of error, TBLD asserts that the trial court's finding of Ravenna's detrimental reliance on the erroneous rent payments is contrary to the manifest weight of the evidence. TBLD states that there was no actual reliance, and if there had been, such reliance would have been unreasonable under the circumstances. We agree that it was error to apply equitable estoppel in this case because all the elements of equitable estoppel were not met.
{¶ 13} In applying equitable estoppel, each case must be considered on its own merits. Egan v. National Distillers Chemical Corp.
(1986), 25 Ohio St.3d 176, 179.
{¶ 14} Under the doctrine of equitable estoppel, relief is precluded where one party induces another to believe certain facts are true and the other party changes his position in reasonable reliance to his detriment on those facts. Bank One Trust Co., N.A. v. LaCour (1999),131 Ohio App.3d 48, 55. See, also, Watch What Develops FranchiseConcepts, Inc. v. Custom 1-Hour Photo, Inc. (Oct. 17, 1990), 9th Dist. No. 14592 at 9. Therefore, equitable estoppel requires that the proponent prove four elements: (1) that the adverse party made a factual misrepresentation; (2) that the misrepresentation was misleading; (3) that the misrepresentation induced actual reliance which was reasonable and in good faith; and (4) the proponent suffered detriment due to the reliance. Doe v. Blue Cross/Blue Shield of Ohio (1992) 79 Ohio App.3d 369,379.
{¶ 15} As to the first two elements, a showing of fraud or constructive fraud is necessary. State ex rel. Ryan v. State TeachersRetirement Sys. (1994), 71 Ohio St.3d 362, 368. The elements of fraud are: (1) a representation, or where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 169. Constructive fraud differs in that it does not require proof of fraudulent intent. Perlberg v. Perlberg (1969), 18 Ohio St.2d 55, 58.
{¶ 16} All the legal doctrines discussed above — equitable estoppel, fraud, and constructive fraud — require a showing of actual and reasonable reliance and detriment due to the reliance. The trial court found that Ravenna reasonably relied "on the facts" and suffered detriment when it kept the property in question off the market during the terms of the lease. However, Ravenna's own testimony indicated that although several prospective buyers were told the land leased, there was actually nothing in the lease that precluded sale of the land. Therefore, the trial court's conclusion that "[r]easonable reliance * * * required [Ravenna] to keep the property off the market during the term of the monthly payments" is contrary to the evidence. Thus, the doctrine of equitable estoppel does not apply, and the trial court erred when it found that TBLD could not recover due to equitable estoppel. Accordingly, TBLD's two assignments of error are sustained.
 III.
{¶ 17} Having sustained TBLD's assignments of error, we reverse the decision of the Summit County Court of Common Pleas, and remand the cause for further proceedings.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] Mrs. Joanne Sedlock is the sole owner of Ravenna Investment Co, Inc. Mrs. Sedlock testified at the trial on behalf of the corporation.