[Cite as *Kobal v. Edward Jones Secs.*, 2021-Ohio-1088.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOHN E. KOBAL,                           :

      Plaintiff-Appellant,         :

      v.                           :

EDWARD JONES SECURITIES,                 :
ET AL.,

      Defendants-Appellees.        :

No. 109753

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 1, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-928021

---

### *Appearances:*

John E. Kobal, *pro se.*

Porter Wright Morris & Arthur L.L.P., and C. Darcy Jalandoni, and W. Hunter West, *for appellee* Edward Jones & Co., L.P.

Darren W. DeHaven, *for appellee* Kathleen Kobal.

MARY J. BOYLE, A.J.:

{¶ 1} Plaintiff-appellant, John E. Kobal, appeals the trial court's judgment dismissing his claims against defendants-appellees, Kathleen Kobal ("Kathleen")

and Edward Jones Securities ("Edward Jones"), and against defendant KMK Consulting, L.L.C. Appellant raises seven assignments of error for our review:

1. Misuse of Res Judicata as an excuse/reason for dismissal of this case due to fraud and misrepresentation. For res judicata to be properly applied as an acceptable doctrine for dismissal, the litigation shall be absent of fraud/misrepresentation. This case has numerous credible examples of fraud/misrepresentation.

2. Misuse of Res Judicata as an excuse/reason for dismissal of the case due to collusion/situational circumstances of collusion between Plaintiff Attorney and opposing Counsel. For res judicata to be applied as an acceptable doctrine for dismissal, the litigation shall be absent of collusion and/or situations where collusion was evident considering actions and/or inactions of the parties. Many credible examples.

3. Plaintiff['s] claims are not barred by [the] statute of limitations.

4. Trial Court consistently finding ways to sidestep/avoid discovery phase of the legal process in Mr. Kobal's case(s) - including this case. Discovery protects the integrity of a fair proceeding and a fair trial for all parties.

5. Dismissal of KMK Consulting, L.L.C. was unjustified, improper and legally abusive considering the overwhelming evidence, circumstances, obvious identity differences regarding specific offenses for specific defendants, prejudice and conflict of interest.

6. The actions of the Defendants and the Trial Court are abuse of process.

7. Trial Court['s] determination [that] Plaintiff failed to state a claim for which relief can be granted is improper, inaccurate and not legally sound when considering the evidence and circumstances.

{¶ 2} Finding no merit to his assignments of error, we affirm the trial court's judgment.

## I.    Factual Background and Procedural History

{¶ 3}   This case is appellant's latest attempt to relitigate his divorce case against Kathleen, his ex-wife.  A summary of the previous litigation, as explained in one of appellant's most recent appeals, will provide helpful context:

> Kobal and Kathleen were married in 1976.  In 2001, Kathleen filed for divorce, but later voluntarily dismissed her complaint.  In October 2006, Kobal was arrested for criminal charges involving a minor in case number CR-06-487194-A.  The same month, Kobal executed a general power of attorney naming Kathleen as his attorney-in-fact.  The document provided Kathleen with various powers over Kobal's estates and affairs.  In November 2006, Kobal and two of his business partners assisted Kathleen in organizing KMK.  According to Kathleen, Kobal's goal in organizing this entity was to create a vehicle to "protect the family from financial ruin" related to his criminal case.
>
> In March 2007, Kobal pleaded guilty to rape and other charges and was sentenced to 14 years in prison.  Kobal did not appeal his criminal conviction.  As of the date of this opinion, Kobal remains incarcerated; his prison term is set to expire on March 18, 2021.  Before Kobal was incarcerated in April 2007, he transferred various assets, including an Edward Jones investment account and an RBC Wealth Management account, to KMK.
>
> In December 2015, Kathleen again filed a complaint for divorce.  In December 2016, a contested trial was held before a magistrate judge.  Because Kobal was incarcerated at the time of the trial, he appeared by video.  At trial, Kobal initially claimed that he had no memory of transferring an Edward Jones account worth approximately $160,000 to KMK.  He ultimately testified that he had authorized this transfer, but he claimed that he and Kathleen had a verbal agreement that the funds were "not to be touched."  He also admitted that he transferred an RBC Wealth Management account to KMK, and he admitted that there was no verbal agreement regarding any limitations on Kathleen using or retaining these funds.
>
> The magistrate made numerous findings relating to the division of the couple's property.  The magistrate determined that the Edward Jones and RBC Wealth Management were Kathleen's separate property by virtue of her ownership of KMK consulting.  In May 2017, the trial court

adopted the magistrate's decision. The divorce decree stated, in relevant part:

> The Edward Jones account and the RBC accounts presently owned by KMK Consulting shall be transferred to [Kathleen] and shall remain her property free and clear of any claim by the Defendant.

Kobal appealed, and this court affirmed the trial court's decision. *Kobal v. Kobal*, 2018-Ohio-1755, 111 N.E.3d 804 (8th Dist.).

*Kobal v. RBC Wealth Mgt.*, 8th Dist. Cuyahoga No. 109775, 2021-Ohio-213, ¶ 3-6.

**{¶ 4}** The instant appeal stems from a case appellant initiated in January 2020 against Edward Jones, Kathleen, and KMK Consulting. The complaint states that when appellant was incarcerated in 2007, he assigned $160,000 in securities from his Edward Jones investment account to Walmatt, Inc., d.b.a ABC Bail Bonding "as collateral for his bond." Appellant alleged that he instructed an Edward Jones representative to return the securities to his investment account after the bond period ended, creating an implied-in-fact contract. The complaint states that Edward Jones breached the implied-in-fact contract when it "allowed" ABC Bail Bonding to transfer the $160,000 in securities into an Edward Jones account held by KMK Consulting without appellant's "knowledge and express authority."

**{¶ 5}** Appellant further alleged that in the 2016 divorce trial, Kathleen, her trial counsel, and KMK Consulting "knowingly and willfully misled" the trial court to believe that appellant voluntarily transferred ownership of his Edward Jones investment account to KMK Consulting. Appellant also claimed that KMK Consulting never registered to operate as a business in Ohio, and all its account activities with Edward Jones must be rescinded.

**{¶ 6}** Appellant brought claims against Edward Jones for accounting, breach of contract, constructive fraud, and "reckless negligence." He brought claims against KMK Consulting and Kathleen for fraud, unjust enrichment, and constructive trust. He also brought a claim for "deception and misrepresentation" against Kathleen. Appellant demanded an accounting, money damages, and injunctive relief to prevent "further dissipation" of his assets. He also requested to be held "harmless for any and all [f]ederal, [s]tate and local taxes from 2/1/2007[.]"

**{¶ 7}** In February 2020, Edward Jones and Kathleen filed answers, in which they denied appellant's allegations and raised affirmative defenses. Both answers raised the affirmative defenses of res judicata and failure to state a claim upon which relief can be granted.

**{¶ 8}** In March 2020, Kathleen filed a motion to dismiss appellant's claims against her pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. She argued that res judicata and the applicable statutes of limitations barred his claims, and he failed to plead fraud with particularity. Also in March 2020, Edward Jones filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Edward Jones also argued that res judicata and the applicable statutes of limitations barred appellant's claims, and the claims were otherwise defective. Appellant filed an opposition to Kathleen's motion to dismiss but not to Edward Jones' motion for judgment on the pleadings.

**{¶ 9}** In May 2020, the trial court granted Kathleen's motion to dismiss and Edward Jones' motion for judgment on the pleadings. The trial court found that all

of appellant's claims against Edward Jones and Kathleen are barred by res judicata, barred by the relevant statutes of limitations, and failed to state legal causes of action. The trial court further found that the defects with appellant's complaint likewise apply to the claims he asserted against KMK Consulting (which never responded to the complaint), and the trial court sua sponte dismissed those claims.

{¶ 10} Appellant timely appeals from this judgment.

## II. Standard of Review

{¶ 11} As an initial matter, we note that Kathleen filed her motion to dismiss pursuant to Civ.R. 12(B)(6) after she filed her answer. Because Civ.R. 12(B)(6) motions must be filed before a responsive pleading, we must construe her motion as a motion for judgment on the pleadings under Civ.R. 12(C). *See State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas*, 151 Ohio St.3d 35, 2017-Ohio-7528, 85 N.E.3d 713, ¶ 8, fn. 2; *Tennant v. Huntington Natl. Bank*, 8th Dist. Cuyahoga No. 108993, 2020-Ohio-4063, ¶ 8.

{¶ 12} We apply a de novo standard of review to a trial court's decision on a motion for judgment on the pleadings filed under Civ.R. 12(C). *Vinicky v. Pristas*, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88, ¶ 3 (8th Dist.). Granting a judgment on the pleadings is appropriate where plaintiffs have failed in their complaint to allege a set of facts that, if true, would establish the defendant's liability. *Walters v. First Natl. Bank of Newark*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982). And, like a motion to dismiss, the factual allegations of the complaint are taken as true, but unsupported conclusions are insufficient to withstand the motion. *See*

*Moya v. DeClemente*, 8th Dist. Cuyahoga No. 96733, 2011-Ohio-5843, ¶ 10. "Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Thus, a trial court appropriately grants a motion for judgment on the pleadings when it "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.* We will address appellant's assignments of error out of order for ease of discussion.

## III. Validity of Claims

{¶ 13} In his seventh assignment of error, appellant argues that the trial court erred in finding that his complaint failed to state a claim for which relief could be granted. In support of this argument, he maintains that fraud and collusion "hijacked" the divorce case.

{¶ 14} We find that appellant failed to state a claim for accounting, constructive trust, fraud, constructive fraud, and "deception and misrepresentation." First, Kobal's claims for accounting and constructive trust are remedies, not independent causes of action. *Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 58 (8th Dist.) ("A constructive trust is a remedy, not a cause of action."); *Krohn v. Ostafi*, 6th Dist. Lucas No. L-19-1002, 2020-Ohio-1536, ¶ 37

("An accounting, like a constructive trust, is an equitable remedy, not a cause of action[.]").

{¶ 15} Second, appellant failed to state a claim for fraud and "deception and misrepresentation" against Kathleen and KMK Consulting because his complaint does not plead these claims with particularity.[1] A claim for fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, omission of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076 (1991).

{¶ 16} A plaintiff must state the circumstances constituting fraud with particularity. Civ.R. 9(B). This means that a plaintiff must state "'the time, place, and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud.'" *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 433, 725 N.E.2d 330 (10th Dist.1999), quoting *Baker v. Conlan*, 66 Ohio App.3d 454, 585 N.E.2d 543 (1st Dist.1990). Particularity in pleading serves three purposes: (1) protecting defendants' reputations from ill-

---

[1] Ohio law does not recognize "deception and misrepresentation" as a cause of action, but we construe this claim as another claim for fraud. *See Swanson v. BSA*, 4th Dist. Vinton No. 07CA663, 2008-Ohio-1692, ¶ 17 (treating a claim pleaded as a claim for deception as a claim of fraud).

defined accusations of deceitful conduct, (2) notifying defendants of the challenged conduct, and (3) discouraging plaintiffs' fishing expeditions for undiscovered fraudulent conduct. *Reinglass v. Morgan Stanley Dean Witter*, 8th Dist. Cuyahoga No. 86407, 2006-Ohio-1542, ¶ 20, citing *Carter-Jones*.

{¶ 17} In his appellate brief, appellant argues that his attorney colluded with Kathleen's attorney at the divorce trial to deceive the magistrate. He also maintains that he was tricked at the divorce trial into agreeing that he voluntarily transferred his Edward Jones investment account to KMK Consulting because Kathleen's attorney misrepresented an Edward Jones financial document dated February 12, 2007. He argues he could have transferred securities worth no more than approximately $14,000 because the rest of the securities from the investment account were in the possession of ABC Bail Bonding at the time. Appellant attaches numerous exhibits, including the February 12, 2007 document, to his appellate brief and reply briefs as evidence of the fraud and collusion. However, we are not permitted to consider exhibits or arguments that are not part of the trial court record. App.R. 9(A)(1); *see Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157,¶ 13. Indeed, the exhibits attached to appellant's reply briefs were sua sponte stricken, and we cannot consider them on appeal. When reviewing motions pursuant to Civ.R. 12(C), we are constrained to the allegations in the pleadings and any writings attached to the pleadings. *Bradigan v. Strongsville City Schools*, 8th Dist. Cuyahoga No. 88606, 2007-Ohio-2773, ¶ 11.

{¶ 18} The allegations of fraud in appellant's complaint are vague and conclusory. In his complaint, appellant alleged that Kathleen, KMK Consulting, and Kathleen's counsel "committed willful fraud upon the Court by providing misleading and known false testimony" to trick the domestic relations court into believing that appellant voluntarily transferred the investment account to KMK Consulting. Appellant also alleged that Kathleen's counsel misrepresented the value of the investment account. In his affidavit in support of his complaint, appellant stated that his divorce attorney engaged in collusion with Kathleen's attorney.

{¶ 19} Appellant's complaint in this case does not present a claim for fraud against either party's trial counsel; the only allegations of fraud relevant to Kathleen and KMK Consulting are that they presented false testimony. But appellant does not identify the content of the allegedly false representations. *See Johnson v. Johnson*, 8th Dist. Cuyahoga No. 108420, 2020-Ohio-1381, ¶ 28 (claimant did not plead fraud with the necessary particularity by alleging the defendant misled the court and other entities by spreading rumors, without further detail); *Becker v. Becker*, 12th Dist. Clermont No. CA97-01-001, 1997 Ohio App. LEXIS 3650, 8-9 (Aug. 11, 1997) (appellant's allegations that his ex-wife and her attorney made false statements regarding marital debts at the divorce trial did not meet Civ.R. 9(B)'s particularity requirement). We find that appellant failed to meet the heightened pleading standard for his claims of fraud and "deception and misrepresentation" against Kathleen and KMK Consulting.

{¶ 20} Lastly, appellant did not plead his claim for constructive fraud against Edward Jones with particularity. Constructive fraud is "a breach of a legal or equitable duty, which, irrespective of moral guilt of the fraud feasor [sic], the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Cohen v. Estate of Cohen*, 23 Ohio St.3d 90, 91-92, 491 N.E.2d 698 (1986). Constructive fraud does not require fraudulent intent; "it is dependent on a special confidential or fiduciary relationship, thereby giving rise to a duty to disclose." *Schmitz v. NCAA*, 2016-Ohio-8041, 67 N.E.3d 852, ¶ 63 (8th Dist.). In a fiduciary relationship, "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Federated Mgt. Co. v. Coopers & Lybrand*, 137 Ohio App.3d 366, 384, 738 N.E.2d 842 (10th Dist.2000).

{¶ 21} In his complaint, appellant sets forth two paragraphs for his constructive fraud claim. In one paragraph, he alleges that Edward Jones breached its duty to appellant by allowing his assets to be transferred to KMK Consulting. In the other paragraph, he states that KMK Consulting was appellant's fiduciary agent and breached a legal duty by accepting the securities from ABC Bail Bonding "under a knowing and willful falsity of representation in a civil proceeding in 12/2016." These allegations do not set forth a "special confidential or fiduciary relationship" between appellant and Edward Jones that would give rise to a claim for constructive fraud. Appellant has failed to state a constructive fraud claim.

{¶ 22} Accordingly, the trial court did not err in dismissing appellant's claims for accounting, constructive trust, fraud, constructive fraud, and "deception and misrepresentation." We therefore overrule appellant's seventh assignment of error.

## IV. Res Judicata

{¶ 23} In his first assignment of error, appellant argues that res judicata does not bar his claims due to fraud and misrepresentation in the divorce trial. Likewise, in his second assignment of error, he argues that res judicata does not preclude his claims because his counsel at the divorce trial colluded with Kathleen and her trial counsel. We will therefore address these assignments of error together. Because we have already concluded that appellant failed to state a claim for accounting, constructive trust, fraud, constructive fraud, and "deception and misrepresentation," we will address the application of res judicata to appellant's remaining claims for breach of contract, unjust enrichment, and "reckless negligence."

{¶ 24} Res judicata precludes "'the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.'" *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651, 687 N.E.2d 768 (1998), quoting *Office of Consumers' Counsel v. Pub. Util. Comm.*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985). The doctrine of issue preclusion is one of two related concepts, along with claim preclusion, within the legal doctrine of res judicata. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653

N.E.2d 226 (1995). Under the concept of claim preclusion, "[a] valid, final judgment [] on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* at syllabus.

{¶ 25} Issue preclusion, also known as collateral estoppel, provides that "a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different[.]" *Fort Frye Teachers Assn. v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). While claim preclusion prevents relitigation of the same cause of action, issue preclusion bars relitigation of an issue that has been actually and necessarily litigated and determined in a prior action. *Id.*, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112, 254 N.E.2d 10 (1969). Here, we are concerned solely with issue preclusion or collateral estoppel.

{¶ 26} In *Thompson v. Wing*, 70 Ohio St.3d 176, 637 N.E.2d 917 (1994), the Ohio Supreme Court set forth three requirements for the application of collateral estoppel or issue preclusion:

> Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.

*Id.* at 183, citing *Whitehead* at paragraph two of the syllabus. "The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a 'full and fair opportunity to litigate that issue in the first action.'" *Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813, 623 N.E.2d 213 (8th Dist.1993), quoting *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 74, 369 N.E.2d 776 (1977).

{¶ 27} We first note that res judicata is generally not a proper ground for dismissal pursuant to a Civ.R. 12(C) motion because review of such a motion is limited to the pleadings. *See Hawke, Inc. v. Universal Well Servs.*, 9th Dist. Summit No. 25056, 2010-Ohio-4730, ¶ 12. However, the trial court here was permitted to take judicial notice of the divorce case judgments because the pleadings incorporate them. *See Hammerschmidt v. Wyant Woods Care Ctr.*, 9th Dist. Summit No. 19779, 2000 Ohio App. LEXIS 6166, 2 (Dec. 27, 2000) (trial court properly granted judgment on pleadings based on res judicata and took judicial notice of a prior judgment that was incorporated into the pleadings). The complaint and appellant's accompanying affidavit repeatedly refer to "the divorce trial – 12/19/2016" and the magistrate's decision. Both answers raise res judicata as an affirmative defense, and Kathleen's answer specifically stated that appellant's claims have been addressed by the Eighth District Court of Appeals, which opinion is publicly available.

{¶ 28} In the divorce case, the trial court found that appellant voluntarily transferred the Edward Jones investment account to KMK Consulting, and the

account was Kathleen's separate property because of her ownership in KMK Consulting. *Kobal v. Kobal*, 2018-Ohio-1755, 111 N.E.3d 804, ¶ 31 (8th Dist.). Appellant appealed, raising an assignment of error that the funds in the Edward Jones investment account were "his and his alone." *Id.* at ¶ 16. This court overruled his assignment of error. *Id.* at ¶ 33. We explained that appellant testified he transferred his Edward Jones investment account to KMK Consulting to protect the asset from liability related to the criminal charges against him:

> [Appellant] testified that his mother left him money when she died in 2002, which he invested in the account with Edward Jones. He estimated that at the time he was incarcerated in April 2007, the account was worth approximately $160,000. At the time of trial, the account had a value of $165,795.90. At trial, [appellant] initially claimed to have no memory of transferring the money, claiming "[Kathleen] moved the money from my [Edward Jones] account into KMK Consulting." On cross-examination, Kathleen's counsel presented [appellant] with a receipt of the transfer authorization with his signature. [Appellant] then admitted to authorizing the transfer, explaining that he transferred the account to KMK Consulting to insulate this asset from attachment in any potential civil action related to the criminal charges he faced. [Appellant] further testified that he and Kathleen had "a verbal understanding that [the funds were] not to be touched," because it was his "inheritance money." He admitted there was no written agreement providing Kathleen could not use or retain the funds. [Appellant] further admitted he had transferred the Edward Jones and RBC Wealth Management accounts to KMK Consulting to protect these assets.

*Id.* at ¶ 11.

{¶ 29} Collateral estoppel applies here to bar appellant's claims for breach of contract, unjust enrichment, and "reckless negligence." First, the issue of whether appellant voluntarily transferred the investment account to KMK Consulting was actually and directly litigated in the divorce case. Second, the Cuyahoga County

Domestic Relations Court, a court of competent jurisdiction over the divorce case, determined that appellant voluntarily transferred the investment account to KMK Consulting, and this court affirmed the judgment of the domestic relations court. Third, appellant was a party in the divorce case, was represented by counsel, and had a full and fair opportunity to litigate the issue. The transfer of appellant's investment account is the basis of appellant's claims for breach of contract, unjust enrichment, and "reckless negligence." Indeed, the transfer underlies all appellants' claims in this lawsuit except for his claims of fraud and "deception and misrepresentation" during the divorce case against KMK Consulting and Kathleen. Collateral estoppel therefore bars these claims.

{¶ 30} Appellant argues that the doctrine of res judicata does not preclude his claims due to fraud, misrepresentation, and collusion during the divorce case. "A judgment obtained by way of fraud or collusion may not be used as a basis for applying principles of res judicata." *Fought v. Fought*, 8th Dist. Cuyahoga No. 54824, 1988 Ohio App. LEXIS 5189, 2-3 (Dec. 22, 1988). However, a party attempting to avoid the application of res judicata by asserting allegations of fraud must plead "this assertion with the required particularity." *Carman v. LeMasters*, 4th Dist. Jackson No. 638, 1990 Ohio App. LEXIS 4472, 10 (Oct. 1, 1990); *see also Green v. Cumberland*, 4th Dist. Highland No. 92 CA 801, 1992 Ohio App. LEXIS 5687, 10-11 (Oct. 28, 1992) (appellant failed to sufficiently allege fraud or collusion in the prior judgment when he alleged only that the court colluded with the appellees by preventing depositions and acting "unfairly").

{¶ 31} Appellant maintains that his counsel for the divorce trial colluded with Kathleen and her attorney to present knowingly false testimony and to trick him into testifying that he voluntarily transferred the investment account. However, as previously discussed, although appellant's brief provides more detailed arguments of fraud and collusion, the allegations in his complaint fail to state fraud with particularity. The allegations of fraud therefore cannot prevent the application of collateral estoppel.

{¶ 32} Accordingly, we find that the doctrine of res judicata bars appellant's claims for breach of contract, unjust enrichment, and "reckless negligence."[2] Accordingly, we overrule appellant's first and second assignments of error.

## V. Statute of Limitations

{¶ 33} In his third assignment of error, appellant contends that his claims are timely because he did not discover the defendants' misconduct until the 2016 divorce trial. We first note that all of appellant's claims either failed to state a claim upon which relief can be granted or are precluded by the doctrine of res judicata (or both). However, most of his claims are also time barred.

{¶ 34} Claims for breach of oral contracts and unjust enrichment have a six-year statute of limitations. R.C. 2305.07. Ohio does not recognize a claim for "reckless negligence," but negligence claims have a four-year statute of limitations. R.C. 2305.09(D). Fraud claims also have a four-year statute of limitations.

---

[2] Res judicata would likewise preclude his claims for accounting, constructive trust, and constructive fraud against Edward Jones, for which appellant also failed to state a claim upon which relief could be granted.

R.C. 2305.09(C). As previously discussed, accounting and constructive trust are not causes of action, so we exclude these claims from our discussion.

{¶ 35} Appellant's claims for fraud and "deception and misrepresentation" arise from the December 2016 divorce trial. Appellant therefore timely brought these claims in his January 2020 complaint. However, appellant's claims for breach of contract, unjust enrichment, "reckless negligence," and constructive fraud stem from the 2007 transfer of securities from ABC Bail Bonding to KMK Consulting's investment account with Edward Jones. Therefore, the statute of limitations for these claims have long since expired.

{¶ 36} Appellant maintains that the statute of limitations for his claims did not begin to run until December 2016 because he did not discover the defendants' misconduct until the divorce trial. The Ohio Supreme Court has explained the discovery rule:

> Generally, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed. However, the discovery rule is an exception to this general rule and provides that a cause of action does not arise until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant.

*Norgard v. Brush Wellman*, 95 Ohio St.3d 165, 2002-Ohio-2007, 766 N.E.2d 977, ¶ 8. "A court may invoke the discovery rule 'in situations where the injury complained of may not manifest itself immediately and, therefore, fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations.'" *Cristino v. Admr.*, 2012-Ohio-4420, 977 N.E.2d

742, ¶ 40 (10th Dist.), quoting *NCR Corp. v. United States Mineral Prods. Co.*, 72 Ohio St.3d 269, 271, 649 N.E.2d 175.

{¶ 37} We decline to apply the discovery rule to this case to extend the time limitations for appellant's claims for breach of contract, unjust enrichment, "reckless negligence," and constructive fraud. This is not a case "where the injury complained of may not manifest itself immediately." Appellant knew since 2007, or should have known by the exercise of reasonable diligence, that ABC Bail Bonding did not return approximately $160,000 worth of securities to his Edward Jones investment account. Appellant did not bring these claims until 13 years later. We do not believe that, under these circumstances, "fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations." We find that appellant's claims for breach of contract, unjust enrichment, "reckless negligence," and constructive fraud are time barred.

{¶ 38} Accordingly, we overrule appellant's third assignment of error. Although his claims for fraud and "deception and misrepresentation" against Kathleen and KMK Consulting would have been timely, he failed to plead them with the required particularity, as we previously discussed.

## VI. Discovery

{¶ 39} In his fourth assignment of error, appellant argues that the trial court improperly "sidestep[ped]" discovery in this case and in other, unidentified proceedings. He requests that this court require discovery to be completed in this case. However, appellant cannot challenge here the discovery proceedings from

previous cases. In this case, the magistrate properly found that appellant could prove no set of facts in support of his claims that would entitle him to relief, and no amount of discovery would change the outcome. We therefore overrule appellant's fourth assignment of error.

## VII. Dismissal of KMK Consulting

{¶ 40} In his fifth assignment of error, appellant argues that the trial court erred when it dismissed his claims against KMK Consulting because it acted as both the "defense lawyer and [the] judge." "In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only if the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). However, there is an exception to this general rule: "*Sua sponte* dismissal of a case on the merits without notice is appropriate only if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14; *see also Beck v. Lally*, 8th Dist. Cuyahoga Nos. 109374 and 109429, 2020-Ohio-4305, ¶ 31. Here, as previously discussed, appellant could obviously not prevail on the facts alleged. Accordingly, the trial court did not err in dismissing the claims against KMK Consulting, and we overrule appellant's fifth assignment of error.

## VIII. Abuse of Process

{¶ 41} In his sixth assignment of error, appellant raises a claim for abuse of process against the defendants and the domestic relations court. Appellant makes this argument for the first time on appeal, and as such has waived all but plain error. Appellant, however, failed to invoke the plain-error doctrine on appeal, much less make a showing that plain error occurred below. Under these circumstances, we need not address it. *See State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 25, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900 (an appellate court need not consider plain error where appellant fails to timely raise plain-error claim); *State v. Sims*, 10th Dist. Franklin No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (appellant cannot meet burden of demonstrating error on appeal when she preserved only plain error and did not argue plain error on appeal); *In re A.R.*, 12th Dist. Butler No. CA2015-08-143, 2016-Ohio-4919, ¶ 33 (appellant is precluded from raising plain error on appeal where he does not argue it in his brief).

{¶ 42} Accordingly, we overrule appellant's sixth assignment of error.

{¶ 43} Even construing the allegations in the complaint in favor of appellant, we find that he can prove no set of facts that would entitle him to relief on any of his claims. The trial court properly granted the motions of Kathleen and Edward Jones and dismissed the claims against KMK Consulting.

{¶ 44} Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
MICHELLE J. SHEEHAN, J., CONCUR