[Cite as *Estate of Neal v. White*, 2019-Ohio-4280.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| ESTATE OF DANIEL NEAL, | : | APPEAL NO. C-180579 |
| Plaintiff-Appellant, | : | TRIAL NO. 17CV-15922 |
| vs. | : | *O P I N I O N.* |
| LILLIE WHITE, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| ANDREW WARREN, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: October 18, 2019

*Angela L. Wallace*, for Plaintiff-Appellant,

*William D. Bell, Sr.*, for Defendant-Appellee.

**WINKLER, Judge**.

{¶1}     Plaintiff-appellant the Estate of Daniel Neal, through its administrator Sherri Neal, ("the Estate") appeals from a judgment of the Hamilton County Municipal Court, after a bench trial, in favor of defendant-appellee Lillie White.  The Estate sought in part to recover from White, based on a quasi-contract theory for unjust enrichment, a sum of money for rent.  This amount was equal to the reasonable value of the benefit White had received by residing at the Estate's property after Daniel's death without paying for the privilege.  Because the trial court applied the law incorrectly when disposing of the Estate's quasi-contract claim, we reverse and remand for further proceedings.

### Background Facts and Procedure

{¶2}     The Estate is the owner of real property located at 6545 Hamilton Avenue in North College Hill.  White cohabitated at the property with Daniel Neal ("Daniel") for several years during Daniel's lifetime, and continued to reside at the property after Daniel's passing in January 2017.  Sherri Neal ("Sherri"), the daughter of Daniel, was appointed as the administrator of his estate.  White refused Sherri's request to either enter into a lease and pay rent or vacate the premises.

{¶3}     The Estate then filed an eviction action in municipal court asserting three causes of action against White.  A magistrate set a rent bond at zero dollars based on the lack of any existing rental agreement. The eviction cause was delayed while the municipal court attempted, unsuccessfully, to transfer the case to the Hamilton County Court of Common Pleas for consolidation with a separate action White had filed against the Estate.

{¶4}     After the case was returned to the municipal court, the Estate moved for summary judgment on its forcible-entry-and-detainer claim,[1] explaining that White's admissions established that she was an occupier of the property without color of title and that the Estate had the right to possession. The trial court granted summary judgment, which resulted in the issuance of a writ of restitution to the Estate.  In the entry, the court stated that White had "no ownership interest in the property, no lease agreement for the property, and no legal right to reside in the property."  White was subsequently set out. The court then proceeded to a trial on the Estate's remaining two claims, one for rent and one for property damage.

{¶5}     At trial, the Estate took the position that while the evidence did not support an award of damages against White based on an express or implied covenant to pay rent, it had established the right to remuneration in the amount of $9,140 based on a quasi-contract theory for unjust enrichment.

{¶6}     White argued in part that she did not owe the Estate for her occupancy of the property under any theory because there was no evidence that a landlord-tenant relationship had ever been created.  The trial court apparently adopted White's argument and entered judgment for White on the remaining claims, indicating in its entry that "there was no evidence a landlord[-]tenant relationship was ever created."

## Analysis

{¶7}     In its sole assignment of error, the Estate argues that the trial court erred by granting judgment for White on the claim for rent based on the reasonable rental value of the property, because the court preconditioned the award on the existence of a lease agreement between the parties, which was contrary to law.  We agree.

---

[1]White's son Andrew was a defendant in the forcible-entry-and-detainer cause of action.  No claims remain pending against him.

3

{¶8} All parties agree there was never a lease agreement between White and the Estate that could support a claim for rent damages based on the breach of an express or implied-in-fact contract. But an owner of land may still recover against an occupier based on the quasi-contract theory of unjust enrichment. *See Williams v. Haines*, 11th Dist. Ashtabula No. 97-A-0013, 1997 WL 772922 (Dec. 5, 1997); *Lewis & Michael v. Toney*, 2d Dist. Montgomery No. 15158, 1995 WL 704117 (Nov. 29, 1995).

{¶9} Liability in quasi-contract originates out of an obligation arising by law upon a person in receipt of benefits that he or she is not justly entitled to retain. *Hummel v. Hummel*, 133 Ohio St. 520, 526, 14 N.E.2d 923 (1938), cited in *Shore v. Helfrich*, 6th Dist. Lucas No. L-91-173, 1992 WL 131818, *3 (June 12, 1992). The elements of a quasi-contract are (1) a benefit conferred by a plaintiff upon a defendant, (2) knowledge by the defendant of the benefit, and (3) retention of a benefit by the defendant under circumstances where it would be unjust to do so without payment of its value. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984), cited in *Toney* at *3. A quasi-contract claim does not depend upon traditional contract formation elements such as a meeting of the minds. *Hummel* at 525; *Toney* at *3.

{¶10} In this case, at trial White had emphasized that she had never entered into a lease agreement related to the premises and thus was never a part of a landlord-tenant relationship. The trial court found the lack of a landlord-tenant relationship fatal to the Estate's quasi-contract claim. When viewed in context, it is clear that the court applied traditional contract formation requirements to the quasi-contract claim, and denied the Estate a recovery on that basis. This was error.

{¶11} Moreover, the Estate presented evidence at trial to support all elements of the claim, including expert testimony on the value of the benefit conferred on White. Thus, the Estate was prejudiced by the trial court's error.

{¶12} White presents three arguments in support of the trial court's judgment. First, she maintains that the Estate could not recover any monies from her absent evidence of a landlord-tenant relationship, an argument we have already rejected.

{¶13} Next, she argues that the judgment should be affirmed because the Estate did not file objections to the magistrate's order setting a rent bond at zero. White is correct that the Estate did not move to set aside the magistrate's bond order, but the bond hearing was limited to determining the amount of a bond based on a contracted-for rental value. We are unable to conclude that the Estate's failure to contest this interlocutory and ministerial order precludes it from now challenging the merits of its quasi-contract claim for unjust enrichment.

{¶14} White further argues that there was some evidence presented at trial demonstrating that she was not unjustly enriched, in the amount sought by the Estate or at all. Whether White was unjustly enriched and the value of that unjust enrichment, if any, should be determined by the trial court on remand after the court's reconsideration of the evidence presented at the August 15, 2018 trial.

{¶15} Because the Estate is correct that the lack of a landlord-tenant relationship was not fatal to its quasi-contract claim for unjust enrichment, and the trial court erred by denying its claim on that basis, we sustain the assignment of error.

## Conclusion

{¶16} We reverse the trial court's judgment for White on the quasi-contract claim for unjust enrichment. The Estate does not challenge the judgment for White on the

5

property-damage claim, and that part of the trial court's judgment is affirmed. The cause is remanded for further proceedings consistent with the law and this opinion.

Judgment accordingly.

**MOCK, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.