[Cite as *Custom Assocs., L.P. v. VSM Logistics, L.L.C.*, 2020-Ohio-2994.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| CUSTOM ASSOCIATES, L.P., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-P-0104** |
| VSM LOGISTICS, LLC, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2018 CV 00374.

Judgment: Affirmed.

*Timothy N. Toma*, Toma & Associates, L.P.A., Inc., 3401 Enterprise Parkway, Suite 340, Beachwood, OH 44122 (For Plaintiff-Appellant).

*Sara H. Jodka*, Dickinson Wright, PLLC, 150 East Gay Street, Suite 2400, Columbus, OH 43215 (For Defendants-Appellees).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Custom Associates, L.P., appeals from the judgment of the Portage County Court of Common Pleas, granting defendants-appellees, Maurice Vaughn and William Niegsch's, Motion to Dismiss. For the following reasons, we affirm the decision of the trial court.

{¶2} On May 3, 2018, Custom Associates filed a Complaint against VSM Logistics, LLC requesting damages for unpaid rent and utility charges. It alleged that VSM Logistics had entered into a lease agreement to rent property from Custom

Associates beginning June 1, 2016, but had failed to make rent payments as required under the agreement.

{¶3} On February 5, 2019, Custom Associates filed an Amended Complaint, adding Vaughn and Niegsch as defendants. The Amended Complaint alleged that Vaughn and Niegsch, the president and CEO and the CFO of VSM, respectively, "owe a fiduciary duty to VSM and VSM's creditors not to waste corporate assets which could otherwise be used to pay corporate debts," alleging that VSM Associates was "insolvent or on the brink of insolvency." It further contended that Vaughn and Niegsch breached this duty "by transferring assets of VSM to other business entities and individuals who were not creditors of VSM," including companies they owned, which was "to the detriment of VSM, * * * leaving VSM with insufficient funds to pay its creditors."

{¶4} Vaughn and Niegsch filed a Motion to Dismiss for failure to state a claim on which relief can be granted on February 22, 2019, arguing that Custom Associates had no contract with them and lacked standing to assert a breach of fiduciary duty claim since the law does not provide such a cause of action in relation to creditors. Custom Associates filed a Brief in Opposition.

{¶5} On March 27, 2019, the trial court filed an Order granting the motion and dismissing Vaughn and Niegsch as defendants.

{¶6} VSM Logistics failed to file an answer and the trial court issued an October 22, 2019 Judgment Entry granting default judgment against VSM Logistics in the amount of $217,752.50.

{¶7} Custom Associates timely appeals and raises the following assignment of error:

2

{¶8} "The trial court erred in dismissing Custom Associates' claims against Vaughn and Niegsch, individually, when the Amended Complaint adequately stated claims for breach of fiduciary duties to Custom Associates, as a creditor of VSM."

{¶9} Custom Associates argues that Vaughn and Niegsch should not have been dismissed as defendants because the law permits claims to be brought against officers or members of a limited liability company for breach of fiduciary duty to the LLC's creditors.

{¶10} A trial court's decision granting a motion to dismiss is reviewed de novo. *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241, ¶ 10.

{¶11} As a general rule, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In reviewing a Civ.R. 12(B)(6) motion to dismiss, all factual allegations set forth in the complaint and reasonable inferences must be accepted as true and dismissal is warranted only when it appears "'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" *Id.,* quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶12} "To succeed on a claim for breach of fiduciary duty, a plaintiff must establish the existence of a fiduciary duty, a breach of that duty, and an injury proximately resulting therefrom." *Asia-Pacific Futures Research Symposium Planning Commt. v. Kent State Univ.*, 2016-Ohio-2691, 63 N.E.3d 780, ¶ 34 (11th Dist.). In general, a fiduciary

relationship is one "'in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.'" *Hope Academy Broadway Campus v. White Hat Mgt., L.L.C.*, 145 Ohio St.3d 29, 2015-Ohio-3716, 46 N.E.3d 665, ¶ 43, citing *In re Termination of Employment of Pratt*, 40 Ohio St.2d 107, 115, 321 N.E.2d 603 (1974).  Generally, "a mere debtor-creditor relationship without more does not create a fiduciary relationship."  *Lippy v. Soc. Natl. Bank*, 100 Ohio App.3d 37, 44, 651 N.E.2d 1364 (11th Dist.1995); *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 17.

{¶13}  In support of its contention that a fiduciary duty is owed by an officer or member of an LLC to the LLC's creditor, Custom Associates cites *Thomas v. Matthews*, 94 Ohio St. 32, 113 N.E. 669 (1916), and *DeNune v. Consol. Capital of N. America, Inc.*, 288 F.Supp.2d 844 (N.D.Ohio 2003).  It argues that these cases set forth "long standing Ohio law," that directors and officers of an insolvent company owe a fiduciary duty to the company's creditors "not to waste corporate assets which could be used to pay those creditors."

{¶14}  In *Matthews*, the Ohio Supreme Court held that the directors of a corporation "stand in the relation of trustees to the creditors" when a corporation is "insolvent or threatened with insolvency, or where a suit for dissolution is pending."  *Id.* at 47.  It concluded "they are not permitted to divert assets from the payment of its debts by distributing these assets to the stockholders as dividends" and "[i]t is their duty to conserve these assets until the final judgment of the court in the dissolution proceedings, and deliver the same to the receiver appointed by the court * * *."  *Id.  DeNune* subsequently held the following, citing solely to *Matthews* and providing no additional

4

supporting analysis: "Under long-standing Ohio law, the officers and directors of a corporation that is insolvent or is on the brink of insolvency owe a fiduciary duty to the corporation itself and to its creditors not to waste corporate assets which otherwise could be used to pay corporate debts." *Id.* at 859.

{¶15} The foregoing cases address the duties of officers or directors of a corporation rather than an LLC. Custom Associates argues this analysis should extend to LLCs, citing to a court of common pleas opinion for that proposition. *Arts Rental Equip. v. Bear Creek Constr.,* Hamilton C.P. No. A0902785, 2011 Ohio Misc. LEXIS 155 (Feb. 11, 2011). No other case law is set forth for the proposition that the holdings in *Matthews* and *DeNune* extend to LLCs. Even presuming these holdings apply, however, subsequent case law has persuasively concluded that these holdings are either limited in scope or no longer applicable given the enactment of applicable statutory provisions in the century since *Matthews* was decided.

{¶16} In *In re Amcast Indus. Corp.*, 365 B.R. 91 (Bankr.S.D.Ohio 2007), the court conducted a thorough examination of the applicability of *Matthews*, finding that its holding was made on "much narrower grounds" than its "broad pronouncement[] might suggest," as it applied to the transferring of assets to stockholders in the form of dividends. *Id.* at 109. However, it found that "outside of this limited duty to cease dividend payments, there is nothing in the *Matthews* case that suggests to this court that a director's duty to creditors upon insolvency expands to the same fiduciary obligations that a director owes to the corporation itself" and emphasized that other duties to conserve assets were limited to dissolution proceedings rather than insolvency. *Id.* at 107. The *Amcast* opinion further reasoned:

5

> "[T]o read *Matthews* more expansively to require directors to hold assets in trust and distribute them to creditors upon insolvency would, in essence, require an insolvent company to immediately cease operations and liquidate. Such a reading is not only contrary to the plain language of Ohio Rev.Code § 1701.59(E) [which addresses duties owed by corporate directors], but also runs afoul of general corporate law principles which allow an insolvent company to continue to operate with aspirations of turning a profit.

*Id.*

{¶17} The *Amcast* opinion also noted that *DeNune* relied on *Matthews* for its assertion that "long-standing Ohio law" created a fiduciary duty to creditors without otherwise addressing the impact that subsequent statutory enactments had on *Matthews*' applicability. *Id.* at 106. It concluded that the enactment of R.C. 1701.59(E) (now R.C. 1701.59(F)), well after the issuance of *Matthews*, forecloses claims against directors for breach of fiduciary duty to creditors. *See Official Commt. of Unsecured Creditors of PHD, Inc. v. Bank One, NA*, N.D.Ohio No. 1:03CV2466, 2004 WL 3721325, *10 (Oct. 24, 2005) ("Ohio Rev.Code § 1701.59(E) forecloses * * * claims that [the corporation's] directors had a legal duty to consider the interests of creditors in carrying out their duties for the corporation" and claims by creditors against directors for breach of fiduciary duty were dismissed); R.C. 1701.59(F) (a director, "in determining what the director reasonably believes to be in the best interests of the corporation," "shall" consider the interests of the corporation's shareholders and "may" consider the interests of the corporation's creditors).

{¶18} The rationale in the *Amcast* opinion has been reiterated by several federal courts. In *Washington Penn Plastic Co., Inc. v. Creative Engineered Polymer Prods., LLC*, N.D.Ohio No. 5:06CV1224, 2007 WL 2509873 (Aug. 30, 2007), the court found no fiduciary duty was owed by directors of a corporation to its creditor, and emphasized that

6

"Ohio law respecting duties owed by directors to the corporate creditors cannot be discerned simply by reference to general statements contained in decisions rendered more than 80 years ago without consideration of intervening statutory enactments." *Id.* at *2-3, quoting *Amcast* at 109. *See also In re I.E. Liquidation, Inc.*, Bankr.N.D. Ohio No. 06-62179, 2009 WL 2707223, *12 (Aug. 25, 2009) ("[T]he legislature is presumed to have known that case law existed which made consideration of the interests of creditors mandatory when a company was either insolvent or close to insolvency. However, the legislature specifically chose language that made the consideration of creditors' interests permissive, without exception."). *In re Natl. Century Fin. Ent., Inc.*, 846 F.Supp.2d 828 (S.D.Ohio 2012), also held that "corporate officers and directors in Ohio do not owe a general fiduciary duty to the company's creditors while the company is insolvent or in the zone of insolvency," citing the foregoing authority. *Id.* at 895.

{¶19} We agree with the logic of the courts advanced above that *Matthews*, and by extension, *DeNune*, do not allow for a claim for breach of fiduciary duty against a director or officer of a corporation by a debtor of that corporation. By extension, we also reject the argument that such a principle should apply to LLCs. Custom Associates' citation to *Arts Rental Equip.* 2011 Ohio Misc. LEXIS 155, to support a contrary conclusion is unavailing. In *Arts Rental*, the court found that the complaint stated a valid claim for breach of fiduciary duty against members of an LLC relating to debts owed by the LLC to the creditor, citing to *DeNune* in support of this conclusion. In light of the fact that this is a lower court opinion and given the analysis above, we decline to apply this case for the proposition that a claim for breach of fiduciary duty can be maintained here.

{¶20} We also find no statutory authority for a claim for breach of fiduciary duty in

7

these circumstances. R.C. 1705.292 sets forth limited fiduciary duties owed by officers of an LLC "to the limited liability company or its members" which, can include, depending upon the circumstances, either "the duties that would be owed by a member" or to "perform the officer's duties in good faith, in a manner the officer reasonably believes to be in or not opposed to the best interests of the limited liability company" and with care exercised by an ordinarily prudent person. R.C. Chapter 1705 does not codify a fiduciary duty of members or officers to creditors of the LLC. In fact, with limited exceptions not relevant here, "debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the limited liability company" for which members, managers, and officers are not personally liable. R.C. 1705.48(A) and (B).

{¶21} We recognize that, in some instances, claims can be maintained against members, managers or officers of an LLC arising from their own wrongful actions or omissions and can be pursued through claims for tortious conduct. R.C. 1705.48(D); *Huttenbauer Land Co. v. Harley Riley, Ltd.*, 1st Dist. Hamilton No. C-110842, 2012-Ohio-4585, ¶ 15-17. Here, however, the sole claim maintained against appellees was for breach of fiduciary duty.

{¶22} Custom Associates argues that, contrary to appellees' position, the elements of their fiduciary duty claim were properly pled. Since the claim fails as a matter of law for the reasons outlined above, and there is no fiduciary duty owed, the claim was properly dismissed regardless of whether Custom Associates pled facts on each element of the claim.

{¶23} The sole assignment of error is without merit.

{¶24} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, granting defendants-appellees, Maurice Vaughn and William Niegsch's, Motion to Dismiss, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.