# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

MILLS FENCE CO., LLC,  :

    Plaintiff-Appellee,  :

    vs.  :

MICHAEL S. KINNE,  :

    and  :

PERLA I. MEDINA-KINNE,  :

    Defendants-Appellants.  :

APPEAL NO.  C-240452
TRIAL NO.    A-2302019

*JUDGMENT ENTRY*

This cause was heard upon the appeal, the record, the briefs, and arguments.

The judgment of the trial court is reversed and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 6/27/2025 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *Mills Fence Co., L.L.C. v. Kinne*, 2025-Ohio-2247.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MILLS FENCE CO., LLC, | : | APPEAL NO.  C-240452<br>TRIAL NO.  A-2302019 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| MICHAEL S. KINNE, | : | |
| and | : | |
| PERLA I. MEDINA-KINNE, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 27, 2025

*Dinsmore & Shohl LLP, Douglas J. Feichtner* and *Brian E. Schultz*, for Plaintiff-Appellee,

*Law Offices of Joshua Davidson, LLC*, and *L. Joshua Davidson*, for Defendants-Appellants.

**NESTOR, Judge.**

{¶1}   This case presents a relatively novel question that few (if any) Ohio courts have been asked to answer.  Defendants-appellants Michael Kinne and Perla Medina-Kinne ("the Kinnes") were founders and directors of the nonprofit corporation Angel's Rest Animal Sanctuary ("ARAS").  ARAS contracted with plaintiff-appellee Mills Fence Co., LLC, ("Mills") to build a fence on the nonprofit's property.  Several years after ARAS refused to pay Mills for the work done, Mills filed suit and received a default judgment against ARAS.  However, during the pendency of that case the Kinnes voluntarily dissolved the corporation and sold the property.  After Mills failed to collect the money it was owed from the proceeds of the sale (which the Kinnes held in escrow), the Kinnes paid themselves back for "Founders' Loans" they made to ARAS.  Mills filed suit against the Kinnes, claiming they breached their fiduciary duties and that the corporate veil should be pierced.  While the trial court refused to pierce the corporate veil, it held that the Kinnes breached fiduciary duties they owed to Mills.  The Kinnes now appeal to this court asserting four assignments of error.  After reviewing relevant caselaw, we agree with the Kinnes that the trial court erred in holding that they owed Mills fiduciary duties.  Accordingly, we sustain their first three assignments of error, which renders their last assignment moot.

## I.   *Factual and Procedural History*

{¶2}   Mills entered into two contracts with ARAS in 2015 to construct a fence on the nonprofit's property.  After Mills completed the work, ARAS refused to pay Mills the agreed upon price because it believed that Mills did not fulfill its contractual obligations.  The contracts totaled approximately $24,000.  Mills placed a mechanic's lien on the property in the amount of the contract price.  However, it took no further action to collect the debt.

**{¶3}** ARAS experienced financial hardship, and its directors, the Kinnes, passed a resolution to voluntarily dissolve the corporation on August 3, 2020. As part of the dissolution process, ARAS sold the real property where the nonprofit was located (and where Mills installed the fence). The property sold for $345,000, and the Kinnes set aside the amount of Mills's lien in escrow. Mills never collected that money, and it allowed the lien to expire.

**{¶4}** After Mills failed to collect the debt, the Kinnes took the money that was left from the sale. They claimed that they were owed money from ARAS because they made "Founders' Loans" to the corporation. In October 2022, Mills filed suit against ARAS, asserting a breach of contract claim. It received a default judgment against the nonprofit corporation in March 2023, but before that, the Kinnes properly dissolved ARAS in December 2022.

**{¶5}** Mills filed suit against the Kinnes on May 12, 2023. It initially asserted claims for breach of contract (and requested that the corporate veil be pierced), and for breach of fiduciary duty. Mills filed an amended complaint on June 23, 2023, asserting a breach of fiduciary duty claim and a separate claim for piercing the corporate veil.

**{¶6}** After the trial court's denial of several pretrial motions, the issues went to a bench trial. At the close of the trial, the court orally decided in favor of Mills. The trial court declined to pierce the corporate veil, but it found that the Kinnes, as directors of ARAS, breached fiduciary duties they owed to Mills, a creditor of ARAS. The trial court based its decision on R.C. 1702.49, which states that when directors are winding up a corporation, they "may . . . apply assets to the payment of obligations." More specifically, the trial court found that the Kinnes breached their duties when they paid themselves for their "Founders' Loans" before paying ARAS's debt to Mills.

**{¶7}** The Kinnes now appeal to this court, asserting four assignments of error. In their first two assignments of error, they argue that the trial court erred when it held that they owed fiduciary duties to Mills. In their last two assignments of error, the Kinnes argue that the trial court erred in denying their Civ.R. 12(B)(6) motion to dismiss and their motion for summary judgment.

## II. Analysis

### A. Fiduciary Duties Owed to Creditors of a Dissolved Corporation

**{¶8}** The primary question before us is whether the Kinnes, as directors of a nonprofit corporation, owed fiduciary duties to Mills, a creditor of the corporation. Our answer to this somewhat novel legal question underpins the Kinnes first, second, and third assignments of error. In their first three assignments of error, the Kinnes assert that the trial court erred in granting judgment in favor of Mills and that it erred in denying their Civ.R. 12(B)(6) motion to dismiss, because they did not owe fiduciary duties to Mills. We agree.

**{¶9}** Because this is a purely legal question, we review it de novo. *See Cuc Properties VI, LLC v. Smartlink Ventures, Inc.*, 2021-Ohio-3428, ¶ 7 (1st Dist.), citing *Name Change of Rowe*, 2019-Ohio-4666, ¶ 16 (4th Dist.). The same standard applies to our review of a trial court's denial of a Civ.R. 12(B)(6) motion to dismiss. *See Brendamour v. City of the Village of Indian Hill*, 2022-Ohio-4724, ¶ 17 (1st Dist.), citing *White v. Pitman*, 2020-Ohio-3957, ¶ 16 (1st Dist.). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court "must accept factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.*, citing *Pitman* at ¶ 16. "A court should not dismiss a complaint for failure to state an actionable claim unless it appears 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [the

plaintiff] to recovery.'" *Id.*, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶10} Since Mills asserted a claim for breach of a fiduciary duty, it had to "prove (1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury proximately resulting from that failure." *Maas v. Maas*, 2020-Ohio-5160, ¶ 16 (1st Dist.), citing *Strock v. Pressnell*, 38 Ohio St.3d 207 (1988). Therefore, Mills first needed to show that the Kinnes owed it a fiduciary duty.

{¶11} "A fiduciary relationship is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." (Internal quotations omitted.) *State v. Massien*, 2010-Ohio-1864, ¶ 35, quoting *Stone v. Davis*, 66 Ohio St.2d 74, 78 (1981), quoting *In re Termination of Pratt*, 40 Ohio St.2d 107, 115 (1974). "A 'fiduciary' has been defined as a person having a duty, created by his undertaking, to *act primarily for the benefit of another* in matters connected with his undertaking." (Internal quotations omitted.) (Emphasis in original.) *Id.*, quoting *Strock* at 216, quoting *Haluka v. Baker*, 66 Ohio App. 308, 312 (9th Dist. 1941), quoting 1 Restatement of the Law, Agency, § 13, Comment a (1933).

{¶12} Basic Ohio corporation law states that "directors . . . of a corporation shall not be personally liable for any obligation of the corporation." R.C. 1702.55(A). Typically, a director's fiduciary duty flows to the corporation itself, not to third parties. *See DiPasquale v. Costas*, 2010-Ohio-832, ¶ 125 (2d Dist.) ("We also recognized in [*Kleemann v. Carriage Trace, Inc.*, 2007-Ohio-4209 (2d Dist.)], that R.C. 1702.30 imposes fiduciary duties on boards of directors of non-profit corporations."). These basic principles do not answer our question directly, but they provide a helpful lens.

{¶13} Other courts that attempted to answer similar questions have

referenced *Thomas v. Matthews*, 94 Ohio St. 32 (1916). In that case, the Ohio Supreme Court held that "directors . . . stand in the relation of trustees to the creditors [during insolvency], and they are not permitted to divert assets from the payment of its debt by distributing these assets to the stockholders as dividends . . . ." *Id.* at 47. This reference to directors as "trustees" stems from the "trust fund doctrine," which states that "'[i]n equity the corporate property becomes the property of the creditors, and their equities are equal.'" *Cay Machine Co. v. Firestone Tire & Rubber Co.*, 175 Ohio St. 295, 299 (1963), quoting *Rouse, Trustee, v. Merchants' Natl. Bank*, 46 Ohio St. 493 (1889). Under the doctrine, the "trust comes into being when the certificate of dissolution is filed." *Id.* "This property is held by those in charge of winding up the affairs of the corporation to satisfy claims against the corporation . . . ." *Id.*

**{¶14}** Mills relies on the "trust find doctrine" in support of its position that the Kinnes, as directors of the defunct nonprofit corporation, owed Mills fiduciary duties while they wound up the business. It contends that the Ohio Supreme Court held in *Cay Machine* that R.C. Ch. 1702 codified this doctrine, and that it requires directors to satisfy the corporation's existing obligations while winding up the business. However, nowhere in *Cay Machine* does the Court explicitly state that directors of a defunct corporation owe *fiduciary duties* to creditors of that corporation. Again, a fiduciary relationship is one of special trust and confidence that extends beyond mere contractual obligations between two parties.

**{¶15}** Furthermore, a federal bankruptcy court considered whether directors generally owed fiduciary duties to creditors upon insolvency. *See In re Amcast Indus. Corp.*, 365 B.R. 91 (Bankr.S.D. Ohio 2007). That court held that *Matthews* did not extend to all insolvency proceedings, as it was limited to payments of dividends during insolvency (which is a generally accepted corporate principle). *Id.* at 107. The court

held that due to the nature of insolvency, directors could not owe wide-ranging fiduciary duties to creditors. *Id.* Thus, it held that any duty owed by directors of an insolvent corporation to creditors of that corporation was limited to the context of dividend payments. *Id.*

{¶16} Looking at *In re Amcast* and basic corporation principles for guidance, we cannot say that directors of a defunct corporation owe creditors of that corporation fiduciary duties. When faced with a similar issue, the Eleventh District came to the same conclusion. *See generally Custom Assocs., L.P. v. VSM Logistics, LLC*, 2020-Ohio-2994 (11th Dist.). In that case, the court cited the holding in *In re Amcast* to support its holding that directors do not owe creditors of the corporation fiduciary duties. *Id.* at ¶ 16-19. It explained that in the years since *Matthews* and other like cases, the General Assembly enacted applicable statutory provisions, and in those statutory provisions, it made directors' consideration of creditors' interests permissive. *Id.* at ¶ 15, 18, quoting *In re I.E. Liquidation, Inc.*, 2009 Bankr. LEXIS 4655, *12 (Bankr.N.D. Ohio 2009). The trial court in the case before us now relied on R.C. 1702.49, which contains permissive language. We agree with the Eleventh District's reasoning and its holding that directors do not owe a corporation's creditors fiduciary duties during the winding up process.

{¶17} That is not to say that directors are never liable to a corporation's creditors for their wrongdoings during the winding up process. In a for-profit corporate context, the Twelfth District held that "claims against the corporate assets [of a dissolved corporation] may be pursued against former shareholders to the extent of the assets actually distributed to them." *Kesselring Ford, Inc v. Cann, Exrx.*, 68 Ohio App.2d 131, 133 (12th Dist. 1980). The Eleventh District also acknowledged that "in some instances, claims can be maintained against members, managers or officers

8

of an LLC arising from their own wrongful actions or omissions and can be pursued through claims for tortious conduct . . . however, the sole claim maintained against appellees was for breach of fiduciary duty." *Custom Assocs.* at ¶ 21.

**{¶18}** As the Kinnes suggest, directors may be liable to creditors in certain instances for fraudulent behavior. In fact, R.C. 1702.54(A)(1) states that "[n]o [] director . . . of a corporation shall . . . with the intent to deceive . . . issue . . . any prospectus, report, circular, certificate, statement, balance sheet, exhibit, or document, respecting membership rights in . . . assets . . . of, a corporation, that is false in any material respect, knowing the same to be false." And any director who "violates th[at] section shall be personally liable . . . to any person for any damage actually suffered." R.C. 1702.54(B). But to say that directors may be liable is not to say that they owe creditors a fiduciary duty. A fiduciary relationship is one with special trust and confidence. *See Massien*, 2010-Ohio-1864, at ¶ 35, quoting *Stone*, 66 Ohio St.2d at 78, quoting *In re Termination of Pratt*, 40 Ohio St.2d at 115. Nor does liability under Ohio's corporate law mean that a director acts for the benefit of creditors, as one does in a fiduciary relationship. *See id.*, quoting *Strock*, 38 Ohio St.3d at 216, quoting *Haluka*, 66 Ohio App. at 312, quoting 1 Restatement of the Law, Agency, § 13, Comment a (1933). Mills did not assert a claim for fraud as it could have under R.C. 1702.54 or the Ohio Uniform Fraudulent Transfer Act under R.C. Ch. 1336.

**{¶19}** The relationship between Mills and the Kinnes was based on an arms-length contract that Mills entered into with ARAS. "Generally, 'a mere debtor-creditor relationship without more does not create a fiduciary relationship.'" *Custom Assocs.*, 2020-Ohio-2994, at ¶ 12 (11th Dist.), quoting *Lippy v. Society Natl. Bank*, 100 Ohio App.3d 37, 44 (11th Dist. 1995).

**{¶20}** Based on the caselaw above, we cannot say that directors of a defunct

nonprofit corporation owe the corporation's creditors fiduciary duties. Thus, the trial court's judgment was contrary to law, and Mills could not have proven any set of facts entitling it to relief.

**{¶21}** Accordingly, we sustain the Kinnes's first and second assignments of error in their entirety. We also sustain their third assignment of error pertaining to the trial court's refusal to dismiss Mills's breach of fiduciary duty claim.

### B. Piercing the Corporate Veil

**{¶22}** Based upon our resolution above, we sustain the remainder of the Kinnes's third assignment of error pertaining to the trial court's refusal to dismiss Mills's claim for piercing the corporate veil.

**{¶23}** The Kinnes correctly point out "'piercing the corporate veil is not a claim, it is a remedy encompassed within a claim, whereby liability for a particular tort may be imposed upon a particular individual.'" *Best Fin. Solutions, LLC v. Tifton Custom Packing, LLC*, 2024-Ohio-4458, ¶ 38 (1st Dist.), quoting *Pitman*, 2020-Ohio-3957, at ¶ 41 (1st Dist.), quoting *Meehan v. Mardis*, 2019-Ohio-4075, ¶ 8 (1st Dist.). In its amended complaint, Mills only asserted claims for a breach of fiduciary duty and piercing the corporate veil. As explained above, Mills's claim for a breach of fiduciary duty was not a viable claim. A "claim" for piercing the corporate veil does not stand alone. Therefore, Mills cannot prove any set of facts entitling it to relief on its piercing the corporate veil "claim."

**{¶24}** Accordingly, we sustain the Kinnes's third assignment of error pertaining to the trial court's denial of their motion to dismiss Mills's claim for piercing the corporate veil. The trial court properly disposed of this claim following the bench trial.

### C. Fourth Assignment of Error

**{¶25}** Due to our disposition of the Kinnes's first three assignments of error, their fourth assignment of error relating to the trial court's denial of their motion for summary judgment is moot and we do not address it.

### III.    Conclusion

**{¶26}** Based on the foregoing analysis, we sustain the Kinnes's first three assignments of error, reverse the judgment of the trial court, and remand the cause to the trial court with instructions to enter judgment in favor of the Kinnes.

Judgment reversed and cause remanded.

**CROUSE, P.J.,** and **MOORE, J.,** concur.