[Cite as *Walker v. JPMorgan Chase Bank, N.A.*, 2026-Ohio-813.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHARNEE J. WALKER, | : | APPEAL NO. C-250451 |
| | | TRIAL NO. A-2502150 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| JPMORGAN CHASE BANK, N.A., | : | |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 3/11/2026 per order of the court.**

**By:**_____
**Administrative Judge**

[Cite as *Walker v. JPMorgan Chase Bank, N.A.*, 2026-Ohio-813.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHARNEE J. WALKER, | : | APPEAL NO. C-250451 |
| | | TRIAL NO. A-2502150 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| JPMORGAN CHASE BANK, N.A., | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 11, 2026

*Sharnee J. Walker*, pro se,

*Dickinson Wright PLLC* and *Manuel D. Cardona,* for Defendant-Appellee.

**Bock, Judge.**

**{¶1}** After defendant-appellant JPMorgan Chase Bank N.A. ("Chase") denied her credit-card application, plaintiff-appellant Sharnee Walker sued Chase. Her complaint alleged several causes of action based on Chase retaining the personal information Walker had provided with her application without any "reciprocal benefit for the value received." The trial court granted Chase's motion to dismiss Walker's amended complaint. We affirm its judgment.

## I. Factual and Procedural History

**{¶2}** Walker's amended complaint against Chase asserted claims for breach of implied contract, unjust enrichment, conversion, constructive fraud, breach of fiduciary duty, an accounting, and a declaratory judgment. Some of the complaint's statements appear to be sovereign-citizen[1]-related assertions.

**{¶3}** Walker's online credit application to Chase included her personal information, such as her name, social security number, and signature. Walker alleged that by processing her application, Chase created a "legally binding implied contract . . . obligating [Chase] to consider [Walker's] offer in good faith and to properly handle the valuable information provided in a commercially reasonable manner, and . . . to

---

[1] Sovereign citizens, sometimes known as tax protestors, Moorish-Americans, or American State Nationals, often raise assertions that amount to pseudo law and have been described as "extremists who wish to dissociate themselves from the social compact undergirding this nation's democratic institutions, including the independent judicial branch of government." *United States v. Mitchell*, 405 F.Supp.2d 602, 605 (D.Md. 2005). As one practitioner has explained, "Sovereign Citizens believe that the United States Government has no inherent power over individual citizens of the various states without individual consent." Kalinowski: *A Legal Response to the Sovereign Citizen Movement*, 80 Mont.L.Rev. 153, 157 (2019). Walker describes herself as both a "living woman" and a "corporate entity." The distinction between the two lies in the group's belief "that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are 'corporate' or '14th Amendment' citizens by virtue of the ratification of the 14th Amendment." *Mitchell* at 605. Courts across the country have rejected sovereign citizenship pseudo-legal arguments as "meritless[,] patently frivolous, . . . nonsensical, gibberish, and having no conceivable validity in American Law." *People of the Republic United States ex rel. Goldsmith v. Schreier, D.S.D.*, 2012 U.S. Dist. LEXIS 131987, *10 (S.D. S.D. Sept. 17, 2012).

provide reciprocal benefit for the value received."

{¶4} Walker further alleged that though it denied her application, Chase retained her personal information, which it used for its own benefit by "feeding the data into propriety risk models, storing it for credit risk aggregation, leveraging it to raise reserves or securitize internal receivables, and using it to meet compliance benchmarks (e.g., Basel III, CECL under GAAP), all without providing any reciprocal benefit to Plaintiff." Walker demanded a "full accounting and disclosure" from Chase involving "the handling and monetization of her financial instrument and associated data." Chase refused to do so, citing its lack of obligation to provide Walker any documentation.

{¶5} Chase moved to dismiss the amended complaint under Civ.R. 12(B)(6). After both parties filed their briefs, the trial court granted Chase's motion to dismiss. Walker has appealed.

## II. *Analysis*

{¶6} Walker raises seven assignments of error, which collectively argue that the trial court erred in granting Chase's motion to dismiss Walker's complaint. Walker's first assignment of error argues, globally, that the trial court erred in dismissing her complaint and the other six assignments relate to her individual claims. We begin with her second assignment of error and proceed through her various claims.

### A. **Standard of review**

{¶7} This court reviews a trial court's judgment granting a motion to dismiss for failure to state a claim de novo. *Twang, LLC v. City of Cincinnati*, 2024-Ohio-6077, ¶ 87 (1st Dist.). A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the allegations in the complaint. *Brendamour v. City of the Village of Indian Hill*, 2022-Ohio-4724, ¶ 17 (1st Dist.). Civ.R. 8(A) sets the standard

for determining whether a complaint's allegations are sufficient. *Vandemark v. Reder*, 2026-Ohio-50, ¶ 10 (1st Dist.). A complaint must "contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A).

{¶8} A Civ.R. 12(B)(6) dismissal is appropriate where, accepting the factual allegations in the complaint as true and drawing all reasonable inferences from those facts in the plaintiff's favor, the court determines that "it appears 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [the plaintiff] to recovery.'" *Brendamour* at ¶ 17, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Without sufficient factual support, conclusory statements involving elements of a claim cannot withstand a motion to dismiss. *Olthaus v. Niesen*, 2023-Ohio-4710, ¶ 8 (1st Dist.). But Ohio is a notice-pleading jurisdiction, and plaintiffs are not required to prove their cases at the pleading stage. *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 7, 16.

## B. Second Assignment of Error: Implied-in-fact contract

{¶9} Walker argues that the trial court erroneously dismissed her claim for breach of an implied-in-fact contract. She maintains that the trial court (1) used an incorrect legal standard, and (2) resolved factual disputes against her involving whether mutual assent existed.

### 1. Implied-in-fact contracts

{¶10} To state a claim for breach of contract, a party must plead facts showing "(1) the existence of a valid contract between the parties, (2) the other party's failure to perform where performance is due, and (3) damages." *Nationstar Mtge., LLC v. Krehnbrink*, 2025-Ohio-4445, ¶ 50 (1st Dist.). Walker challenges the trial court's

determination that no contract existed between her and Chase.

{¶11} A contract is one or more promises, which, upon breach, give rise to a cause of action. *Deffren v. Johnson*, 2021-Ohio-817, ¶ 16 (1st Dist.). Under Ohio law, contracts may be express, implied in fact, or implied in law (quasi-contract). *Linder v. Am. Natl. Ins. Co.*, 2003-Ohio-5394, ¶ 18 (1st Dist.), citing *Legros v. Tarr*, 44 Ohio St.3d 1, 6 (1989). Express contracts involve the parties mutually assenting to the contract's terms through an explicitly stated offer and acceptance. *Legros* at 6. An implied-in-fact contract also requires mutual assent, but no express offer and acceptance are necessary; instead, the existence of the contract and its terms are determined by viewing the "surrounding circumstances which made it inferable that the contract exists as a matter of tacit understanding." *Legros* at 6-7.

{¶12} The party claiming the existence of an implied-in-fact contract bears a "heavy burden" to """demonstrate the existence of each element necessary to the formation of a contract including, inter alia, the exchange of bilateral promises, consideration and mutual assent."""" *Deffren* at ¶ 19, quoting *Sagonowski v. The Andersons, Inc.*, 2005-Ohio-326, ¶ 14 (6th Dist.), quoting *Bowes v. Toledo Collision—Toledo Mechanical, Inc.*, 2000 Ohio App. LEXIS 3727, *9 (6th Dist. Aug. 18, 2000). While the parties' mutual assent to enter an implied-in-fact contract is inferred from the circumstances, the facts must show that the parties actually intended to enter a contract. *Id.*

### 2. Walker's complaint contains no facts that could show an implied-in-fact contract

{¶13} Initially, Walker argues the trial court applied the incorrect legal standard when it found that Walker's complaint lacked any factual allegations suggesting that Chase "promised [Walker] access to credit in exchange for personally

identifiable information." She claims this conflated the requirements for an express contract with an implied-in-fact contract. She is incorrect. Walker's pleading an implied-in-fact contract claim does not relieve her from the obligation to plead facts showing that Chase agreed to enter into a contract with her. As explained, while an implied-in-fact contract does not include an express offer and acceptance, Walker had to allege facts demonstrating the formation of a contract, including mutual assent, consideration, and bilateral promises. *Deffren* at ¶ 19, quoting *Sagonowski* at ¶ 14, quoting *Bowes* at *9. In other words, to survive a Civ.R. 12(B) motion, Walker's complaint had to allege facts that, if believed, showed that Chase promised to provide Walker with something of value.

**{¶14}** But Walker's complaint does not allege any facts suggesting that her submission of a credit-card application and Chase's processing of the application, along with its retention of her identifying information, created an implied-in-fact contract.

**{¶15}** A consumer's submitting a credit-card application and a bank's processing that application does not form a contract entitling the applicant to a line of credit. *See Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493-494 (10th Dist. 1989) (credit-card applicant submitted an application, which was denied, and "therefore, no cardholder contract could have existed between her and the bank."); *see also Guridy v. Am. Express Co.*, 2025 U.S. Dist. LEXIS 105671, *6 (N.D.Ohio June 4, 2025) ("[T]he only clear facts Guridy alleges on the face of her complaint are that she submitted an online application to Amex for a platinum credit card, which Amex denied . . . Such facts are insufficient to state any plausible claim against Amex under federal or state law."); *Discover Bank v. Wyley*, 2025-Ohio-104, ¶ 11 (8th Dist.) ("Credit card agreements are contracts whereby *the issuance and use of a credit card*

7

creates a legally binding agreement." (Emphasis added.)).

{¶16} Walker argues that her claim "concerns the use of Appellant's data, not a promise of credit. The denial is a separate event and is not relevant to the existence of the contract regarding the commercial data." But Walker's amended complaint alleged that Chase retained her personal information without providing "any reciprocal benefit." And under these facts, the only plausible "reciprocal benefit" would be the credit for which she applied. Accordingly, her complaint *did* claim that Chase should have issued her credit in exchange for Walker submitting an application containing personal information, which Chase retained.

{¶17} Walker's application containing her personal information did not create a contract requiring Chase to provide her a line of credit. That Chase may have obtained some residual benefit from retaining her personal information does not, on its own, establish that a contract was formed. *See Legros*, 44 Ohio St.3d at 7 (distinguishing between implied-in-fact contracts and implied-in-law (quasi-contracts) where, while there is no meeting of the minds, "civil liability arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain.").

{¶18} Moreover, the amended complaint includes no allegations supporting an inference that Chase promised Walker it would do anything in exchange for her submitting a credit-card application. Walker alleged nothing that would support an inference that Chase agreed not to retain her data unless it issued her credit. The facts, viewed in the light most favorable to Walker, do not establish a mutual assent to the contract terms Walker argues exist.

{¶19} We overrule Walker's second assignment of error.

### C. Third Assignment of Error: Unjust enrichment

**{¶20}** Walker asserts that the trial court erroneously dismissed her unjust-enrichment claim because it deemed her allegation that she conferred a benefit on Chase to be conclusory, and it improperly resolved factual issues regarding the benefit she provided Chase against Walker.

**{¶21}** The equitable doctrine of unjust enrichment allows a party to "recover the reasonable value of services rendered in the absence of an express contract if denying such recovery would unjustly enrich the opposing party." *Deffren*, 2021-Ohio-817, at ¶ 10 (1st Dist.). To state a claim for unjust enrichment, a party must plead facts showing "(1) a benefit conferred by a plaintiff upon a defendant, (2) knowledge by the defendant of the benefit, and (3) retention of a benefit by the defendant under circumstances where it would be unjust to do so without payment of its value." *Id.*, quoting *Estate of Neal v. White*, 2019-Ohio-4280, ¶ 9 (1st Dist.). Generally, a party cannot maintain an unjust-enrichment claim where the subject of the claim is governed by an enforceable express or implied-in-fact contract. *Id.*, citing *Ryan v. Rival Mfg. Co.*, 1981 Ohio App. LEXIS 14729, *3 (1st Dist. Dec. 16, 1981).

**{¶22}** The trial court found that Walker failed to alleged facts supporting an inference that Chase benefited from retaining Walker's personal information. Walker argues that her complaint sufficiently alleged a conferred benefit by stating that Chase used her information "for monetization purposes." On appeal, Walker asserts that it is a "well-known fact in the financial industry, that a bank's ability to use customer data for regulatory calculations provides a substantial, monetizable benefit. This benefit includes, but is not limited to, optimizing capital reserves, managing risk exposure, and avoiding regulatory penalties."

**{¶23}** The trial court correctly determined that Walker's assertion that she

conferred a benefit upon Chase was conclusory. She did not allege that her personal information itself had intrinsic monetary value or that Chase sold her information for a profit. *See Brooks v. Peoples Bank*, 732 F.Supp.3d 765, 782 (S.D.Ohio 2024) ("Plaintiffs cannot recover the 'value' of their [personal information] because they fail to allege Limestone benefited in that amount, for example by selling or profiting off of their [personal information] in any way, or, frankly, that Plaintiffs were deprived of the value of their [personal information] when they gave it to Limestone."). Absent any facts—other than banking jargon—that support a reasonable inference that Chase received any benefit from Walker's personal information, her unjust-enrichment claim cannot succeed. We overrule Walker's third assignment of error.

### D. Fourth Assignment of Error: Conversion

{¶24} Walker argues that the trial court "misapplied the concept of 'dispossession of ownership' in the context of data."

{¶25} "Conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner or the withholding of the property from the owner's possession under a claim inconsistent with the owner's rights." *Bunta v. Superior VacuPress, L.L.C.*, 2022-Ohio-4363, ¶ 20. If the defendant lawfully obtained possession of the plaintiff's property, then the plaintiff must also establish (1) the plaintiff demanded the return of the property, and (2) the defendant refused to return the property. *Alexander v. Motorists Mut. Ins. Co.*, 2012-Ohio-3911, ¶ 20 (1st Dist.).

{¶26} Walker's complaint established that Chase lawfully gained possession of Walker's personal information because she voluntarily submitted a credit application. But Walker did not assert she demanded Chase return her information or that Chase refused to do so. Her appellant brief concedes this point stating that the "[a]mended complaint may have omitted the specific allegation of a demand and refusal."

10

**{¶27}** The trial court properly dismissed Walker's conversion claim, so we overrule Walker's fourth assignment of error.

### E. Fifth Assignment of Error: Breach of Fiduciary Duty

**{¶28}** Walker argues that the trial court erred by dismissing this claim because "special circumstances" existed giving rise to a fiduciary duty.

**{¶29}** Walker's fiduciary-duty claim required factual allegations showing (1) existence of a duty created through a fiduciary relationship, (2) Chase's failure to observe the duty, and (3) an injury proximately caused by that failure. *Mills Fence Co., LLC v. Kinne*, 2025-Ohio-2247, ¶ 10 (1st Dist.). "'A fiduciary relationship is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.'" *Id.* at ¶ 11, quoting *State v. Massien*, 2010-Ohio-1864, ¶ 35. "'A "fiduciary" is "a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking."'" *Branson v. Fifth Third Bank*, 2025-Ohio-4396, ¶ 71 (1st Dist.), quoting *Health Alliance of Greater Cincinnati v. Christ Hosp.*, 2008-Ohio-4981, ¶ 20 (1st Dist.), quoting *Groob v. KeyBank*, 2006-Ohio-1189, ¶ 16.

**{¶30}** Walker alleged no facts establishing that Chase owed her a fiduciary duty. Chase and Walker's only interaction, according to the complaint, involved Walker's request for a line of credit and Chase's processing her application, denying her application, and retaining her information. Walker, however, argues that the trial court ignored the "special circumstances" present in this case that should give rise to a fiduciary duty, including (1) her providing her personal information to Chase, (2) Chase's position as a sophisticated financial institution with "superior knowledge regarding the use and value of this data," (3) Chase's having "operationalized" her

personal information to "meet its binding regulatory obligations," and (4) Chase's nondisclosure of its intent to use her data to do so. These allegations do not establish that Chase owed Walker a fiduciary duty. Instead, they suggest that Chase had a motive at the outset of the relationship to use Walker's data to determine whether to enter into a contractual business relationship.

{¶31} Chase and Walker's interactions did not create even a debtor-creditor relationship, which would itself be insufficient to establish a fiduciary relationship. *See Mills* at ¶ 19; *Umbaugh Pole Bldg. Co. v. Scott*, 58 Ohio St.2d 282, 286 (1979). Walker alleged no facts suggesting that Chase engaged in any undertaking on her behalf that might have required it to act primarily for her benefit.

{¶32} We overrule Walker's fifth assignment of error.

## F. Sixth Assignment of Error: Constructive Fraud

{¶33} Walker argues that the trial court erred in dismissing her constructive-fraud claim because it applied the standard for "actual fraud" to her constructive-fraud claim, improperly requiring her to plead "a false representation, knowledge of falsity . . . and intent to mislead."

{¶34} Constructive fraud is the "'breach of a legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.'" *Cohen v. Estate of Cohen*, 23 Ohio St.3d 90, 91 (1986), quoting *Stanley v. Sewell Coal Co.*, 169 W.Va. 72, 76 (1981). Constructive fraud typically occurs where parties to a contract have a fiduciary or confidential relationship, due to a party's failure to disclose material facts where the party is under a duty to speak. *Downing v. Downing*, 2023-Ohio-2673, ¶ 33 (1st Dist.), quoting *Cohen* at 92, citing *Carmen v. Carmen*, 2012-Ohio-3255, ¶ 20 (8th Dist.), quoting *Layman v. Binns*, 35

Ohio St.3d 176, 178 (1988). The duty to disclose material facts applies only to facts that the other party did not and reasonably could not have known. *See Saxe v. Dlusky*, 2010-Ohio-5323, ¶ 29 (10th Dist.). A duty to provide information may arise from a fiduciary relationship or in situations "'where one party imposes confidence in the other because of that person's position, and the other party knows of this confidence.'" *Schmitz v. NCAA*, 2016-Ohio-8041, ¶ 64 (8th Dist.), quoting *Cent. States Stamping Co. v. Terminal Equip. Co.*, 727 F.2d 1405, 1409 (6th Cir. 1984).

{¶35} Constructive fraud does not require fraudulent intent. *Cohen* at 92. But a constructive-fraud claim, like an actual-fraud claim, must be pled with particularity under Civ.R. 9(B). *Id.* at ¶ 66; *see Kobal v. Edward Jones Secs.*, 2021-Ohio-1088, ¶ 20 (8th Dist.). Moreover, parties asserting constructive fraud must allege detrimental reliance. *Oak Hill Invest. Co. v. Jablonski*, 605 N.E.2d 998 (6th Dist. 1992).

{¶36} The trial court incorrectly cited actual-fraud elements. But its decision rested on Walker's failure to allege facts supporting an inference that Chase owed Walker a duty to disclose information, a requirement common to both actual- and constructive-fraud claims.

{¶37} At most, the trial court's reciting actual-fraud elements was harmless error because the trial court's finding that Chase did not owe Walker a duty to disclose was correct. Chase and Walker were not in a fiduciary relationship. They were not parties to a contract. This was not a situation where Walker might have "impose[d] confidence" in Chase because of Chase's position, or that Chase would have any reason to know about that confidence. Walker did not allege detrimental reliance—nothing in her complaint suggested that had she known Chase would use her personal information for internal uses, she would not have submitted her credit application. And as Walker asserts that Chase's use of her personal information is "a well-known

fact," Chase had no duty to disclose information because Walker already knew that Chase would use her personal information.

**{¶38}** The trial court properly dismissed Walker's constructive-fraud claim, so we overrule her sixth assignment of error.

### G. Seventh Assignment of Error: Declaratory Judgment/Accounting

**{¶39}** Walker challenges the trial court's dismissing her declaratory-judgment action and request for an accounting.

#### 1. Declaratory judgment

**{¶40}** Walker asserts the trial court's finding that "no real controversy exists" was "a fundamental misapplication of the law." Yet, Walker cites no law involving declaratory actions. Walker fails to provide our standard of review and does not cite law involving when a trial court may dismiss a declaratory-judgment action. She also fails to define "actual controversy" for declaratory-judgment purposes.

**{¶41}** But even if Walker had provided authority and developed a cognizable argument, no genuine controversy existed between Walker and Chase. There was no contract, no relationship, no promises, and no representations. Nothing amounts to an actual controversy.

#### 2. Accounting

**{¶42}** Walker's request for an accounting is a remedy, not a cause of action, and cannot exist on its own without a viable claim. *See Meehan v. Mardis*, 2019-Ohio-4075, ¶ 8 (1st Dist.). Here, no viable claims exist.

**{¶43}** We overrule Walker's seventh assignment of error.

### H. First Assignment of Error: Complaint as a whole

**{¶44}** Because we hold that the trial court properly dismissed all of Walker's claims, we overrule Walker's first assignment of error, which challenges the trial

court's dismissing her amended complaint as a whole.

### III. Conclusion

{¶45} We overrule Walker's assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.